[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Facts
The plaintiff is the owner of the three family house located at 199 Elm Street in West Haven. In 1991, she and the defendant, a home improvement contractor, discussed various improvements to be performed on the premises.
Though the defendant had been a licensed home improvement contractor, at the time of the negotiations with the plaintiff his CT Page 343 registration with the State of Connecticut had lapsed.
The defendant prepared a writing in the form of an estimate in which the work he was to perform was set forth, along with the cost of the categories of work. Apparently other work was discussed and may have been performed but this work was not written up. Then, the defendant proceeded to submit invoices to the plaintiff for the work set forth in the written "estimate". These invoices were in excess of the price set forth in the "estimate".
In brief, there is no clear and complete statement, document, agreement or combination thereof which leads to a determination as to what was really the contract of the parties.
The plaintiff seeks to recover for overcharges and defective work, claiming to have paid $6,790. over the so-called "contract price." The defendant referred to "extras" in his testimony but these items were not broken down as to cost and not included in the written "estimate".
 I.
The defendant concedes, as he must, that he failed to comply with the requirements of the Home Improvement Act, Connecticut General Statute § 20-418, et seq. First, he was not licensed and registered as a home improvement contractor. The complete contract was not in writing, it was not signed by both parties, its terms were lacking starting and finishing dates and it did not comply with Connecticut General Statute § 42-134a, et seq. This section deals with the rights of the owner to cancel a home improvement contract.
By virtue of these deficiencies, the defendant violated the Connecticut Unfair Trade Practices Act (CUTPA).
 II.
The court heard both parties as well as an expert who testified for the plaintiff. With the agreement of the parties in such a confused state, the Court concludes that there was an overcharge by the defendant in the amount of $6,790, the plaintiff having paid $20,520 on a "contract price" of $13,730. The plaintiff's expert attributes to roofing and gutter work, both extras which were done, a value of $850 for a net overcharge of $5,940 between the contract price and the amount paid. CT Page 344
In addition, the Court finds the contract price of $6,770 for painting to be an overcharge of $3,270 again adopting the expert's reasoning.
As to the so-called "insurance company list" totalling $3,570, the plaintiff received some benefit despite the defective corner column and the third floor railing which was mailed through the roof and not waterproofed. The Court finds the plaintiff is entitled to a credit on this item of $1500.
The plaintiff is thus awarded a total of $10,710 on these three items. Punitive damages in the amount of $5,000. are also awarded.
The Court finds the plaintiff is entitled to reasonable attorney's fees and accepts the affidavit and statement of her counsel to be a reasonable statement of fees and disbursements. To that sum of $2,779.62 the Court awards $1,050 for six hours of trial, for a total of $3,829.62.
In summary, judgment may enter for the plaintiff as follows:
Net overcharge on contract price: 5,940.00
Overcharges on contract items: 4,770.00
Punitive damages: 5,000.00
 Counsel fees and disbursements: 3,829.62 --------- $19,539.62
Costs are taxed in favor of the plaintiff.
Anthony V. DeMayo State Trial Referee